Pearson, C. J.
 

 In this cause, the plaintiffs, who were defendants in the County Court, so far as the record shows, did
 
 *96
 
 not move to be allowed to enter pleas, or to make up issues of fact to be tried by a jury; it, therefore, differs from the case between the same parties, in which an opinion is filed at this term, (ante 91). The only, question presented is, as to the jurisdiction of the County Court of Richmond.
 

 Eor the purpose of this question, it may be conceded that a
 
 motion
 
 against' the sheriff and his sureties, on his bond, stands on the same footing as an
 
 action
 
 on the bond, the only difference being that the proceedings on the motion are to be summary — the writ, declaration and formal mode of proceeding, being dispensed with, to avoid unnecessary delay. So, the question turns on the construction of the statute, chapter 29, section 5.
 

 It is contended for the plaintiffs, in error, that by this statute, the motion is to be made by the trustee, at the first court (having jurisdiction) held for his county, after the first day of January in every year; that as jurisdiction is taken from the County Court of Richmond by an act, relating to that county, passed in 1814, in all cases where a jury may be necessary, it follows that the County Court could not entertain the motion, and the judgment is void for the want of jurisdiction.
 

 We
 
 do not concur with the counsel as to the construction of the statute. Taken in connection with the other sections, it is evident that the statute intended' that all of these matters, in' respect to the county revenue, should be instituted in the county courts; by section 1, the justices of the
 
 county court
 
 are to appoint a county trustee ; by section 5, the trustee is to make a motion against the sheriff, at Ihe first court held for his county, after, &c.; by section 6, the trustee shall settle, &c.; where there is no trustee,
 
 the cotort
 
 shall settle with
 
 their
 
 sheriff,&c.; by section Y, the court of pleas and quarter sessions shall allow the trustee reasonable pay, &c., and by section 8, at the
 
 first court
 
 which shall be held after the first day of June in every year, the trustee shall make settlement with
 
 the court,
 
 &c. The whole shows that the
 
 court
 
 meant, is the county court, and the 5th section shows “ the motion shall be made by the county trustee
 
 at the first
 
 term
 
 *97
 
 of said court, which shall be held for his county, after, &c.
 

 It is clear, we think, that the motion must be made in the county court. But it is asked,, what is to be done in those counties where the county, court cannot try jury cases, and no jury is in attendance? Tho reply is obvious: wherever issues of fact are made up, the ease must be transmitted to the superi- or courts, as in. the case of the probate of wills, or after issues are made up on proceedings under a ca. sa., or in a bastardy case; the principle-being that where, by law, a matter is to originate in the- county court, that court has exclusive jurisdiction in the first instance, notwithstanding its-jurisdiction for trying issues.of fact, is taken away by statute, and it is only
 
 after
 
 issues of fact are made up, that the case is to be transmitted to the superior court by order of the county court, or by
 
 certiorari.
 
 See the case of
 
 Harris
 
 v. Hampton, 7 Jones, 597, in which
 
 State
 
 v. Sluder, 8 Ire. 487, and
 
 Fox
 
 v.
 
 Wood,
 
 11 Ire. 213, are referred to, and. the question, in regard* to.non-jury, county courts, is fully explained. There is no error.
 

 Per Curiam,
 

 Judgment affirmed'..